UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**MUSIE W. HAILE**,                                               Case No. 3:13-cv-00053-KI

                Plaintiff,                                OPINION AND ORDER
                                                                  DISMISSING THIRD-PARTY
     v.                                                      COMPLAINT

**HICKORY SPRINGS
MANUFACTURING COMPANY, a
North Carolina company;
INTERNATIONAL FOAM SUPPLY,
INC., a California corporation; SEA
MASTER LOGISTICS, INC., a California
corporation; INTERNATIONAL
CONTAINER TERMINAL SERVICES,
INC., a foreign corporation in the
Philippines; SHENZHEN ZHONGFU
TRADING COMPANY, a foreign
corporation in China; JOHN DOE 1;
JOHN DOE 2; JOHN DOE 3; JOHN DOE
4; and JOHN DOE 5**,

                Defendants.

Page 1 - OPINION AND ORDER DISMISSING THIRD-PARTY COMPLAINT

**HICKORY SPRINGS MANUFACTURING
COMPANY**, a North Carolina company,

               Third-Party Plaintiff,

     v.

**PORTLAND CONTAINER REPAIR
CORPORATION**, an Oregon corporation,

               Third-Party Defendant.


       Jeffrey W. Hansen
       Joseph A. Rohner IV
       Smith Freed & Eberhard P.C.
       111 SW Fifth Avenue, Suite 4300
       Portland, OR 97204

               Attorneys for Defendant/Third-Party Plaintiff

       Kurt C. Peterson
       Kilmer, Voorhees & Laurick, P.C.
       Attorneys at Law
       732 NW 19th Avenue
       Portland, OR 97209-1302

               Attorneys for Third-Party Defendant


KING, Judge:

     Plaintiff Musie Haile brings a complaint for injuries he sustained while attempting to

deliver (via semi-truck hauler) a container packed with scrap foam to defendant Hickory Springs

Manufacturing Company ("Hickory Springs").  Hickory Springs filed a third-party complaint

against Portland Container Repair Corporation ("Portland Container"), the company for whom

plaintiff was delivering cargo at the time of the injury.  Following additional discovery and

Page 2 - OPINION AND ORDER DISMISSING THIRD-PARTY COMPLAINT

briefing, I now have pending before me Portland Container's Motion for Summary Judgment against Hickory Springs' third-party complaint.

## BACKGROUND

I.    <u>Allegations</u>

Plaintiff, an independent contractor who delivered goods on behalf of Portland Container, brings a complaint for injuries he sustained after delivering cargo by truck to Hickory Springs. After arriving at Hickory Springs' property, plaintiff opened the container and two pallets of cargo, weighing approximately 600 pounds each, fell on him.  He alleges he was knocked unconscious, suffering a concussive traumatic brain injury.  Plaintiff had brain surgeries for subdural hematoma, had to have his fractured tibia reconnected with hardware, and was in the hospital for two months.  He alleges economic damages of $348,000 and non-economic damages of $5 million.

Plaintiff brings a claim for premises liability against Hickory Springs, alleging he was a business invitee of the company's.  He alleges Hickory Springs had experience receiving overseas shipments like this and that it knew or should have known such containers posed an unreasonable risk of harm to delivery drivers.  Hickory Springs, plaintiff alleges, owed a duty to exercise reasonable care to protect plaintiff from the unreasonable risk of danger and defective conditions arising from its regular receipt of such containers, and that it knew or should have known the cargo was not properly secured in the container.  As a result, Hickory Springs was negligent for failing to implement or maintain reasonable and protective measures to prevent injuries to delivery drivers; failing to provide a reasonable warning to delivery drivers of the defective conditions; failing to instruct International Foam [the seller] to ensure the cargo in the

Page 3 - OPINION AND ORDER DISMISSING THIRD-PARTY COMPLAINT

container was immobilized; and failing to assist plaintiff in light of its knowledge that the cargo was likely to fall out.

Hickory Springs, in turn, filed a third-party complaint against Portland Container seeking contribution and indemnity.  Hickory Springs alleges that because Portland Container hired plaintiff to transport and deliver the container to Hickory Springs' premises, Portland Container was negligent for failing to instruct and train plaintiff; failing to retain a qualified truck driver; failing to ensure the products and cargo were properly immobilized; and failing to provide plaintiff with the proper tools and assistance to open the container.

The negligence claims plaintiff brought against the American company who sold the cargo to Hickory Springs (International Foam), the shipper (Sea Master), and the company responsible for removing the container from the ship (International Container Terminal Services) have been dismissed.  Plaintiff has failed to serve the Chinese company who sold the foam to the American seller (Shenzhen Zhongfu Company) and the John Does responsible for packing the cargo.

II.    Additional Facts Offered by Portland Container

Plaintiff's contract with Portland Container explicitly describes their relationship as one of independent contract, as follows:

> INDEPENDENT CONTRACTOR:  The relationship of [plaintiff] to [Portland Container] shall, at all times, be that of an independent contractor.  [Plaintiff's] employees or leased operators shall not be deemed the employees or agents of [Portland Container] for any purpose.  [Plaintiff] shall have sole responsibility to determine and direct the manner, method and course of performing transportation service.

Millican Decl. Ex. 1, at ¶ 3.  Portland Container notes that plaintiff's workers' compensation claim was denied because plaintiff was deemed an independent contractor rather than an employee.

In response to Hickory Springs' interrogatories, plaintiff reported the events on the day of his injury.  Specifically, he obtained the intermodal container and chassis for the load of foam from Terminal 6 at the Port of Portland, then drove down Marine Drive without any stops until he arrived at Hickory Springs.  He checked into the receiving office.  He had no conversation with anyone about the delivery of the product.  He then drove around the back of the Hickory Springs' building.  There were no Hickory Springs' staff around.  Plaintiff began backing up to the cargo door, stopped, got out, and walked toward the container's doors.  He understood Hickory Springs wanted the container open and available for its employees to unload.  He cut the seal on the container and opened the first container door, and then opened the second container door.  In the process of opening the second container door, plaintiff fell or was knocked to the ground when two pallets of foam fell out of the container.  When sealed loads arrive at a customer's property, it is customary for the delivery to include breaking the seal and opening the load.  The right to break the seal is the customer's, and the manner in which it is broken is a decision for the customer.

III.     Additional Facts Offered by Hickory Springs

I granted Hickory Springs' request to stay decision on Portland Container's motion for summary judgment to allow Hickory Springs to undertake some additional discovery.  It now offers the following additional facts:

Page 5 - OPINION AND ORDER DISMISSING THIRD-PARTY COMPLAINT

Portland Container is aware of the danger caused by cargo falling out of containers. Millican Dep. 19:16-19:18.  When Portland Container trains its employees it warns them about the risk of shifting loads and falling cargo.  Millican Dep. 23:5-23:14.  Portland Container suggests ways to avoid injury when opening cargo doors in a one page "Tip Sheet" entitled "Protect yourself from falling objects[.]"  Rohner Decl. ¶ 4, Ex. 3.

When Portland Container hired plaintiff, he was associated with another truck driver named "Teshome."  As a result, Portland Container never asked plaintiff about his experience or confirmed he had taken any safety training.  Plaintiff never took any safety training classes while working for Portland Container, even though he hauled containers only for Portland Container and no other company.

The contract between plaintiff and Portland Container also provides, "When on [Portland Container's] or [Hickory Springs'] property [plaintiff] shall comply with the safety practices and procedures established for those premises."  Millican Decl. Ex. 1, at ¶ 6.

**LEGAL STANDARDS**

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The initial burden is on the moving party to point out the absence of any genuine issue of material fact.  Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  On a motion for summary judgment, the court "must view the evidence on summary judgment in the light most favorable to the

Page 6 - OPINION AND ORDER DISMISSING THIRD-PARTY COMPLAINT

non-moving party and draw all reasonable inferences in favor of that party." Nicholson v.

Hyannis Air Service, Inc., 580 F.3d 1116, 1122 n.1 (9th Cir. 2009) (citation omitted).

## DISCUSSION

Portland Container argues Hickory Springs' contribution and indemnity claims are not

viable based on the facts of the case and the relationship of the parties.  In order for Portland

Container to be liable to Hickory Springs in contribution or indemnity, Hickory Springs must

demonstrate Portland Container's liability to plaintiff for his injuries.  See ORS 31.800

(contribution claim requires joint liability in tort for the same injury); Safeco Ins. Co. v. Russell,

170 Or. App. 636, 639-40, 13 P.3d 519 (2003) (indemnity claim requires both entities owe a

common duty to plaintiff).

Here, as Hickory Springs now seems to recognize, it cannot be liable in tort to plaintiff

because the "tort liability . . . imposed by common law negligence principles" has been "altered

or eliminated by a contract" between plaintiff and Portland Container.  Abraham v. T. Henry

Const., Inc., 350 Or. 29, 37, 249 P.3d 534 (2011).  Specifically, plaintiff agreed that he "shall

have sole responsibility to determine and direct the manner, method and course of performing

transportation service."  Millican Decl. Ex. 1, at ¶ 3.  Further, there is no evidence Portland

Container exerted any control over the way in which plaintiff performed his job.  As a result, any

failure by Portland Container to instruct or train plaintiff, properly ensure the security of the

cargo, or provide the proper tools to plaintiff could not have "unreasonably created a foreseeable

risk to a protected interest of the kind of harm that befell the Plaintiff" that would make it liable.

Fazzolari v. Portland School Dist. No. 1J, 303 Or. 1, 17, 734 P.2d 1326 (1987).

Hickory Springs next suggests, in a tortured reading of plaintiff's agreement with Portland Container, that Portland Container breached its contractual obligation to make plaintiff aware of the safety practices and procedures on Hickory Springs' premises.  Aside from the lack of textual support for imposing such a duty on Portland Container, when the agreement requires only that plaintiff "comply with all applicable safety practices of Portland Container and its customers," it does not resolve the fact that if Hickory Springs is liable to plaintiff it is in contract and not tort.

As a result, since Hickory Springs and Portland Container do not share a common duty or joint liability in tort, Hickory Springs' contribution and indemnity claims based on any failure to train, failure to secure the cargo, or provide tools to plaintiff must be dismissed.  See Safeco Ins. Co., 170 Or. App. at 640-41 (insurance company's contractual relationship with insured was "distinct from the duty of due care" owed by driver).

Hickory Springs argues alternatively that Portland Container failed to retain a qualified truck driver.  To the extent Hickory Springs' claim is one of direct negligence against Portland Container, it fails for several reasons.  First, as I explained above, the claims it brings for contribution and indemnity must rely on shared liability to *plaintiff*.  Furthermore, because any damages Hickory Springs may have suffered are purely economic, Hickory Springs cannot bring an independent claim of negligence against Portland Container as a matter of law.  A "special relationship," not present here, is required for such a claim.  See Loosli v. City of Salem, 215 Or. App. 502, 507-509, 170 P.3d 1084 (2007) (identifying special relationships that support a negligent infliction of economic injury claim).

Page 8 - OPINION AND ORDER DISMISSING THIRD-PARTY COMPLAINT

If Hickory Springs' theory is that plaintiff can recover against Portland Container for having employed an unqualified truck driver–plaintiff himself–this claim also fails as a matter of law.  Hickory Springs does not cite any authority for the proposition that a principal may be liable in negligence *to the agent* if the principal "was negligent in hiring, instructing, or supervising [that] agent."  See Vaughn v. First Transit, Inc., 346 Or. 128, 138 n.7, 206 P.3d 181 (2009); see also Budd v. Am. Sav. Loan Ass'n, 89 Or. App. 609, 750 P.2d 13 (1988) (employee had no negligence claim against employer for failing to train her, even though lack of training resulted in her termination).

## CONCLUSION

For the foregoing reasons, Portland Container Repair Corporation's Motion for Summary Judgment [33] is granted.  Hickory Springs Manufacturing Company's third-party complaint against Portland Container Repair Corporation is dismissed with prejudice.

IT IS SO ORDERED.

DATED this ___9th___ day of June, 2014.


      /s/ Garr M. King
      Garr M. King
      United States District Judge