UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **MUSIE W. HAILE**, | Case No. 3:13-cv-00053-KI |
| Plaintiff, | OPINION AND ORDER DENYING ENTRY OF |
| v. | RULE 54(B) JUDGMENT |
| **HICKORY SPRINGS MANUFACTURING COMPANY**, a North Carolina company; **INTERNATIONAL FOAM SUPPLY, INC.**, a California corporation; **SEA MASTER LOGISTICS, INC.**, a California corporation; **INTERNATIONAL CONTAINER TERMINAL SERVICES, INC.**, a foreign corporation in the Philippines; **SHENZHEN ZHONGFU TRADING COMPANY**, a foreign corporation in China; JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; JOHN DOE 4; and JOHN DOE 5, | |
| Defendants. | |

**HICKORY SPRINGS MANUFACTURING COMPANY**, a North Carolina company,

       Third-Party Plaintiff,

   v.

**PORTLAND CONTAINER REPAIR CORPORATION**, an Oregon corporation,

       Third-Party Defendant.


    Jeffrey W. Hansen
    Joseph A. Rohner IV
    Smith Freed & Eberhard P.C.
    111 SW Fifth Avenue, Suite 4300
    Portland, OR 97204

       Attorneys for Defendant/Third-Party Plaintiff

    Kurt C. Peterson
    Kilmer, Voorhees & Laurick, P.C.
    Attorneys at Law
    732 NW 19th Avenue
    Portland, OR 97209-1302

       Attorney for Third-Party Defendant

KING, Judge:

    Plaintiff Musie Haile brings a complaint for injuries he sustained while attempting to deliver (via semi-truck hauler) a container packed with scrap foam to defendant Hickory Springs Manufacturing Company ("Hickory Springs"). Hickory Springs filed a third-party complaint against Portland Container Repair Corporation ("Portland Container"), the company for which plaintiff was working at the time of the injury. I granted Portland Container's Motion for

Page 2 - OPINION AND ORDER DENYING ENTRY OF RULE 54(B) JUDGMENT

Summary Judgment against Hickory Springs' third-party complaint. Portland Container now seeks a judgment pursuant to Federal Rule of Civil Procedure 54(b).

## BACKGROUND

I.    Allegations

Plaintiff, an independent contractor who delivered goods on behalf of Portland Container, brings a complaint based on premises liability for injuries he sustained after delivering cargo by truck to Hickory Springs. After arriving at Hickory Springs' property, plaintiff opened the container and two pallets of cargo, weighing approximately 600 pounds each, fell on him.

Hickory Springs, in turn, filed a third-party complaint against Portland Container seeking contribution and indemnity. I dismissed Hickory Springs' third-party complaint because, in short, I agreed with Portland Container that Hickory Springs' contribution and indemnity claims were not viable based on the facts of the case and the relationship of the parties.

I granted a motion for judgment on the pleadings and dismissed the American company who sold the cargo to Hickory Springs (International Foam). Plaintiff separately dismissed the negligence claims against the shipper (Sea Master) and the company responsible for removing the container from the ship (International Container Terminal Services). Upon the stipulation of the parties, I entered a judgment dismissing Sea Master pursuant to Rule 54(b). Plaintiff has failed to serve the Chinese company who sold the foam to the American seller (Shenzhen Zhongfu Company) and the John Does responsible for packing the cargo.

## LEGAL STANDARDS

Rule 54(b) provides:

Page 3 - OPINION AND ORDER DENYING ENTRY OF RULE 54(B) JUDGMENT

> When an action presents more than one claim for relief–whether as a claim, counterclaim, cross-claim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In determining whether such a judgment is appropriate, the Supreme Court has suggested the court consider "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."  Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980).

## DISCUSSION

Portland Container seeks a Rule 54(b) judgment because (1) there is a final disposition on the claims against it; (2) the surviving claims against Hickory Springs are not related to the dismissed claims; and (3) other defendants have been dismissed and Portland Container should receive the same benefit.

I am not persuaded by Portland Container's arguments as it has not explained why it needs an early judgment.  Furthermore, even if it had, I cannot conclude that any need for early judgment outweighs the possibility of unnecessary appellate proceedings.  As Hickory Springs points out, the claims it alleged against Portland Container are derivative of plaintiff's claims against it; resolution of the case against plaintiff will render moot any need to appeal my

dismissal of Hickory Springs' third-party complaint against Portland Container.[1]  Additionally, the Rule 54(b) judgment dismissing the claims against Sea Master was pursuant to a stipulation of the parties.

## CONCLUSION

For the foregoing reasons, I deny Portland Container's Motion for Limited Judgment of Dismissal as to Portland Container Repair Only [59].

IT IS SO ORDERED.

DATED this    18th    day of August, 2014.

       /s/ Garr M. King
       Garr M. King
       United States District Judge

---

[1] Plaintiff also raises the distinct possibility of other defendants such as International Foam seeking an early judgment, creating the possibility of three future, separate appeals.